Filed 7/27/26  GMG Development v. Riddell CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| GMG DEVELOPMENT LLC, | B350616 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 24STCV04733) |
| v. | |
| JEFFREY RIDDELL et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County, Randolph M. Hammock, Judge.  Affirmed.

Franceschi Law Offices and Ernest J. Franceschi, Jr., for Plaintiff and Appellant.

Reden Riddell and Michael J. Riddell for Defendants and Respondents.

_____

Appellant GMG Development LLC entered a purchase agreement with respondents Jeffrey Riddell and Katrina Riddell, whereby GMG was to buy a plot of vacant land from the Riddells. The purchase agreement provided that the prevailing party in any lawsuit between the parties would be entitled to attorneys' fees and costs, unless: (1) that party commenced an action without first attempting to resolve the dispute through mediation; or (2) before commencement of an action, refused to mediate after a request to do so had been made. The agreement also provided an exception to this rule: filing a lawsuit to enable the recording of a lis pendens did not constitute a waiver of the mediation provision, so long as the filing party immediately asked the court to stay the lawsuit pending mediation.

In the proceedings below, GMG sued the Riddells for breach of contract and declaratory relief when the real estate transaction contemplated by the agreement did not occur. The Riddells prevailed on summary judgment and moved for attorneys' fees and costs under the agreement. The court granted the motion, finding that: (a) GMG commenced suit without requesting mediation, thereby waiving their right to invoke that provision; (b) the Riddells had not refused to mediate; and (c) the fees the Riddells sought were reasonable.

On appeal, GMG contends the court erred in all three findings. We conclude that we need not decide whether GMG waived its right to invoke the mediation provision because substantial evidence supports the court's finding that the Riddells did not refuse to mediate. We additionally conclude GMG forfeited its right to challenge the reasonableness of the Riddells' fees but, in any case, the court did not abuse its discretion in finding those fees reasonable. We therefore affirm.

2

**FACTUAL AND PROCEDURAL BACKGROUND**

A.    *GMG Files a Complaint; The Court Grants Summary Judgment in Favor of the Riddells*

In April 2024, GMG filed a first amended complaint, alleging that, in December 2023, GMG and the Riddells entered into a "Vacant Land Purchase Agreement" regarding real property in San Bernardino County.[1]

Paragraph 25 of the agreement provides:  "In any action, proceeding, or arbitration between Buyer and Seller arising out of this Agreement, the prevailing Buyer or Seller shall be entitled to reasonable attorney fees and costs from the non-prevailing Buyer or Seller, except as provided in paragraph 37A."

Paragraph 37A provides:  "The Parties agree to mediate any dispute or claim arising between them out of this Agreement, or any resulting transaction, before resorting to arbitration or court action. . . .  If, for any dispute or claim to which this paragraph applies, any Party commences an action without first attempting to resolve the matter through mediation, or (ii) before commencement of an action, refuses to mediate after a request has been made, then that Party shall not be entitled to recover attorney fees, even if they would otherwise be available to that Party in any such action."

---

[1] The first amended complaint alleges that GMG previously attempted to assign its rights under the contract to Tammy Woloski, who then filed a complaint against the Riddells.  The Riddells demurred to this complaint, alleging GMG's assignment violated the contract.  Woloski subsequently assigned any rights she acquired back to GMG, who filed the first amended complaint, substituting itself as plaintiff.

Paragraph 38 is titled "ARBITRATION OF DISPUTES" and paragraph 38C thereunder provides: "PRESERVATION OF ACTIONS: The following shall not constitute a waiver nor violation of the mediation and arbitration provisions: (i) the filing of a court action to preserve a statute of limitations; (ii) the filing of a court action to enable the recording of a notice of pending action, for order of attachment, receivership, injunction, or other provisional remedies, provided the filing party concurrent with, or immediately after such filing, makes a request to the court for a stay of litigation pending any applicable mediation or arbitration proceeding; or (iii) the filing of a mechanic's lien."

GMG claimed the Riddells cancelled the agreement and refused to accept purchase funds because they received a better offer from a different buyer. GMG alleged causes of action for breach of contract and declaratory relief. It requested general damages, attorneys' fees and costs, and a declaration that it was entitled to purchase the real property described in the purchase agreement.

In July 2025, the court granted summary judgment in favor of the Riddells, holding that: (a) "Defendant has demonstrated that Plaintiff cannot prevail on its breach of contract cause of action because Plaintiff did not perform its end of the contract"; and (b) "Plaintiff has not met its burden to establish a triable issue on its excuse for nonperformance."

On August 4, 2025, the court entered judgment in the Riddells' favor. The judgment provided that the Riddells were prevailing parties for purposes of awarding attorneys' fees and costs, and that the court retained jurisdiction to amend the judgment to insert those fees and costs. GMG does not appear to have appealed this judgment.

4

## B.     *The Court Awards the Riddells Attorneys' Fees*

### 1.     The Riddells Request Attorneys' Fees

A day after the judgment was entered, the Riddells moved for attorneys' fees, alleging they were "forced to vigorously defend this case and incur substantial attorney's fees." Specifically, "[t]his included challenging Plaintiff's initial Complaint (filed under an individual's name who was not party to the underlying agreement); multiple communication[s] with opposing counsel, the real estate brokers for both Plaintiff and Defendant; subpoenaing the real estate brokers and escrow office; seeking release of Plaintiff's improper Lis Pendens both informally and, ultimately, formally through a motion; and recording an Abstract of Judgment. Ultimately, Defendant filed a Motion for Summary Judgment against Plaintiff, which the Court granted." The Riddells requested $31,320 in fees (consisting of 69.6 hours of work billed at $450 an hour) and $1,870.23 in costs.[2]

The Riddells contended paragraph 37A was not triggered so as to preclude attorneys' fees because "Plaintiff filed the Complaint on February 26, 2024, without any formal notice, attempt to resolve the dispute, or demand for mediation, thereby waiving its rights under Paragraph 37(A) of the Agreement." Although Woloski requested mediation on March 4, 2024, "Courts routinely hold that a party who initiates litigation before attempting mediation waives the benefits of a mediation clause." "Furthermore, once litigation commenced, the contractual

---

[2] The Riddells' attorney "removed the billing entries for my work on the Motion to Expunge, filed September 11, 2024, as the court already awarded Defendant fees for prevailing on that motion."

requirement to mediate was no longer mandatory, and Defendant was under no obligation to accept a retroactive demand." The Riddells also pointed out that it was Woloski ("a non-party to the Agreement") who requested mediation, and that GMG had "never actually" requested mediation.

## 2. GMG Opposes the Motion

In September 2025, GMG opposed the motion, arguing it had "filed a specific performance action on February 26, 2024 to enable the recording of a notice of pendency of action (lis pendens) and then demanded mediation one week later, on March 4, 2024, even before the papers had been served since defendants' attorney had already reached out by email on March 1, 2024. However, defendants' counsel declined to mediate, writing: 'I don't think a mediation would be beneficial at this point given the facts.'" GMG also argued it was irrelevant that Woloski demanded mediation instead of GMG because, even if the parties' agreement "restricted assignment pre-breach assignment [sic], a post-breach assignment of the cause of action remains valid."[3]

---

[3] Woloski submitted a declaration explaining that she was a relative of GMG's president and, when GMG assigned its rights to her, "GMG had not retained legal counsel, and we understood that GMG, as an LLC, could not represent itself in court or file an action on its own behalf. We also believed the sellers had repudiated the VLPA contract by opening escrow with another buyer, so we wanted to act swiftly to stop any sale to another buyer. Because we considered it an emergency to protect GMG's rights in the property, the assignment was executed so that I could promptly bring a suit in my own name, which would allow a lis pendens to be recorded. However, right before I . . . filed a
*(Fn. is continued on the next page.)*

6

GMG additionally pointed out paragraph 38C of the agreement "expressly carves out preservation filings -- such as filing to enable recording a lis pendens -- from any claim of 'waiver' of the mediation requirement" and contended it "complied with that framework: file narrowly to preserve rights, then promptly demand to mediate." GMG argued the Riddells' refusal to mediate disentitled them to attorneys' fees.

GMG did not contend the amount of fees, the rate charged, or the hours spent were unreasonable.

### 3. The Riddells Reply

In their reply, the Riddells pointed out that paragraph 38C of the agreement also "requires a party filing litigation to either mediate before filing or, in the case of preservation filings (e.g., to enable recording a lis pendens), to seek a stay of the litigation 'concurrent with, or immediately after,' the filing," and contended "[n]either GMG nor Tammy Woloski did either." (Fn. omitted.) Thus, the Riddells asserted GMG had failed to preserve its right to invoke the mediation clause.

The Riddells further explained that, before Woloski demanded mediation, the Riddells' attorney had "sent a detailed e-mail identifying fatal defects in Ms. Woloski's Complaint to her counsel, Curtis Herron, Esq., and proposed a stipulation for dismissal with waiver of costs." Thus, when Woloski's counsel "later sent a generic 'demand' for mediation[,] he also said he would review Mr. Riddell's proposal and respond shortly. Mr. Riddell replied that mediation did not appear productive while awaiting Mr. Herron's reply. That response was not a refusal; it

_____

lawsuit in my own name, I was able to retain current counsel, Curtis Herron, who then filed the action on my behalf."

7

was part of a continuing effort to resolve the matter efficiently and informally."[4]

### 4. The Court's Ruling

In September 2025, the court granted the Riddells' motion in full. The court concluded that "Paragraph 38C makes clear that a party can waive the mediation requirement by filing suit and not immediately seeking a stay of the litigation pending mediation. This was the case here. At no time after filing this action and recording a lis pendens did Plaintiff seek a stay of the action to mediate. It follows that Plaintiff waived the mediation requirements in paragraph 37A—including that process as a 'condition precedent' to the attorney's fee recovery-when it filed this lawsuit and proceeded in court without seeking a stay to mediate."

The court also stated that, even had GMG not waived the mediation provision, "there is little evidence that Defendant 'refused to mediate.'" Instead, the court found "[t]he evidence shows that when Plaintiff's counsel 'demand[ed] mediation,' the Defendant's counsel did not unequivocally reject same. Rather he stated that he would first wait until Plaintiff responded to his

---

[4] The Riddells' counsel attached an e-mail exchange to his declaration demonstrating that: (a) on March 1, 2024, he sent an e-mail to the counsel for Woloski explaining his views on why the complaint was meritless; (b) Woloski's attorney responded three days later, stating: "Received your email, still processing and will respond shortly. [¶] Meanwhile, we demand mediation. Please let me know if your client is amenable to mediate this dispute"; and (c) the Riddells' counsel responded: "I'll wait for your response to my email first as I don't think a mediation would be beneficial at this point given the facts."

8

rather lengthy initial email." The court concluded that GMG's failure to "further press" the issue of mediation, as well as its continuing to litigate in court, meant the Riddells' statement "cannot be deemed a 'refus[al] to mediate,' as is contemplated by paragraph 37A, but rather, a *joint decision* to forego the mediation requirements and proceed in court."[5]

As to the fees itself, the court found "the quoted hourly rate is reasonable based on the complexity of the case, the quality of services provided, the prevailing rates in Los Angeles, and the attorney's experience level," noting GMG "does not argue that this figure is unreasonable." The court added that "Defendant obtained a commendable result and did so fairly efficiently. Under the totality of the circumstances—including the complexity of the case, the quality of the work, and Defendant's result in the action—the quoted time of 69.6 hours is reasonable." The court again noted that "Plaintiff has not addressed the reasonableness of these hours in its opposition." Finally, the court noted GMG's failure to move to tax the requested costs and awarded the requested costs.

GMG timely appealed the order granting the Riddells' motion for attorneys' fees.

## DISCUSSION

GMG contends the trial court erred in finding that GMG forfeited its right to invoke the mediation provision to deny attorneys' fees to the Riddells, that the parties jointly decided to

---

[5] The court additionally noted GMG's own request for attorneys' fees in its complaint and opined "[a]lthough not necessarily dispositive on the issue, it would seem that what is good for the goose should also be good for the gander."

9

forego mediation; and that the fees the Riddells requested were reasonable.

As discussed below, because we conclude substantial evidence supports the court's finding that the Riddells did not refuse to mediate, we need not address whether the court erred in finding GMG forfeited its right to invoke the mediation provision or that the parties jointly decided to forego mediation. Additionally, because GMG failed to argue to the trial court that the fees incurred by the Riddells were unreasonable, it has forfeited that argument on appeal. Even had it not, we would find the court did not abuse its discretion in finding the fees reasonable.

### A.    *Substantial Evidence Supports the Court's Finding That the Riddells Did Not Refuse to Mediate*

It is undisputed that, on March 1, 2024, the Riddells' attorney sent GMG's attorney a detailed e-mail setting forth his view on why the complaint filed by Woloski was meritless. Three days later, Woloski's attorney responded, stating: "Received your email, still processing and will respond shortly. [¶] Meanwhile, we demand mediation. Please let me know if your client is amenable to mediate this dispute." The Riddells' counsel replied: "I'll wait for your response to my email first as I don't think a mediation would be beneficial at this point given the facts." After this exchange, the record discloses no further mention of mediation until the motion for attorneys' fees.

The trial court reasonably interpreted this e-mail exchange as the Riddells' counsel not refusing a request for mediation, but instead stating "he would first wait until Plaintiff responded to his rather lengthy initial email." As there are no other mentions

10

of mediation, or anything demonstrating the Riddells' counsel actually responded to the lengthy initial e-mail, substantial evidence supports the court's finding that the response from the Riddells' counsel "cannot be deemed a 'refus[al] to mediate,' as is contemplated by paragraph 37A."[6]

## B. *GMG Forfeited Its Reasonableness Argument*

GMG also contends the Riddells failed to demonstrate the attorneys' fees sought were reasonable. GMG failed to raise this argument below. "Failure to raise specific challenges in the trial court forfeits the claim on appeal." (*Premier Medical Management Systems, Inc. v. California Ins. Guarantee Assn.* (2008) 163 Cal.App.4th 550, 564.)

Moreover, "we review the amount of an attorney fees award for an abuse of discretion." (*Cruz v. Fusion Buffet, Inc.* (2020) 57 Cal.App.5th 221, 237.) "Unless an award is 'clearly wrong,' no such abuse of discretion can be demonstrated. [Citation.] In other words, a trial court's attorney fee award will not be set aside 'absent a showing that it is manifestly excessive in the circumstances.' " (*Ibid.*) Even had GMG not forfeited its argument, we would find the fees sought by the Riddells were not

---

[6] GMG's citation to *Cullen v. Corwin* (2012) 206 Cal.App.4th 1074 is inapposite. In *Cullen*, the defendants "adamantly rejected" two requests to mediate. (*Id.* at p. 1077.) The defendants made plain they would mediate "only in the event that the trial court denied the[ir] motion for summary judgment." (*Ibid*.) Here, the Riddells' attorney stated he did not think mediation would be beneficial but would respond to the request for mediation after Woloski's attorney first responded to his e-mail about why the action lacked merit, which Woloski's attorney had stated he would do "shortly."

manifestly excessive in the circumstances, and that the court acted within the bounds of reason in awarding them.

## DISPOSITION

The trial court's order is affirmed.  Respondents shall recover their costs on appeal.

NOT TO BE PUBLISHED


M. KIM, J.

We concur:



ROTHSCHILD, P. J.



WEINGART, J.